**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:17-cv-24129-KMM

JUAN CARLOS FLORES BLANCO, and all others similarly situated under 29 U.S.C. 216 (b),

    Plaintiff,

v.

CACERES DRYWALL CORP., CACERES INTERIOR PARTITIONS, INC., and JORGE E. CACERES,

    Defendants.
_____/

## DEFENDANTS RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, CACERES DRYWALL CORP., CACERES INTERIOR PARTITIONS, INC., and JORGE E. CACERES, by and through their undersigned counsel, hereby file their Response to Plaintiff's Statement of Claim, [DE #8] dated November 14, 2017, as follows:

1. Plaintiff was paid for all hours worked.

2. Plaintiff did not work the number of hours claimed in his statement of claim.

3. Plaintiff did not work all of the weeks that he claims to have worked in his statement of claim.

4. Plaintiff's rate of pay was eighteen dollars per-hour.

5. Many weeks Plaintiff worked under 40 hours.

6. At no time was Plaintiff paid less than the Florida Minimum Wage, for any hours worked.

1

7. Some, or all, of Plaintiff's damages are barred by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of, if any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

8. Plaintiff has not met the requirements to bring a collective action under the FLSA.

9. If any unpaid compensation is found to be owed, Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and Defendants had reasonable grounds for believing that they were in compliance with the FLSA.

10. Plaintiff did not work the entire period claimed in his statement of claim.

11. Defendants have a right to notice of the claims against them, hence the statement of claim should plead entitlement to one relief, or the other relief, listed, and not in the alternative, as Defendants are not put on notice as to what they are to defend against.

12. There is no time-and-one-half claim as Plaintiff did not work any hours for which he was not compensated.

13. Plaintiff did not work any amount of time for which he was not compensated, or compensated below the minimum wage, hence there is no unpaid wage, or minimum wage, claim that Plaintiff may assert.

Respectfully Submitted, this 3rd day of January 2018

        LUBELL & ROSEN, LLC
        *Attorneys for Defendants*
        200 S. Andrews Ave,
        Suite 900 Ft.

Lauderdale, Florida
33301 Phone: (954)
880-9500
Fax: (954) 755-2993
E-mail:     jhs@lubellrosen.com


By:_   /s *Joshua H. Sheskin*
Joshua H. Sheskin, Esquire
Florida Bar No: 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s Joshua H. Sheskin
Joshua H. Sheskin, Esquire
Florida Bar No: 93028

## SERVICE LIST

*Juan Carlos Flores Blanco v. Caceres Drywall Corp., et al*
S.D. Fla. Case No.: 1:17-cv-24129-KMM

| | |
|---|---|
| Neil Tobak, Esquire | Adi Amit, Esquire |
| Rivkah Fay Jaff, Esq. | LUBELL & ROSEN, LLC |
| Jamie H. Zidell, Esq. | 200 S. Andrews Avenue |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | jhs@lubellrosen.com |
| Rivkah.Jaff@gmail.com | *Counsel for Defendants* |
| Ntobak.zidellpa@gmail.com | |
| ZABOGADO@AOL.COM | |
| *Counsel for Plaintiff* | |

3