UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:17-cv-24129-KMM

JUAN CARLOS FLORES BLANCO, and all others similarly situated under 29 U.S.C. 216 (b),

    Plaintiff,

v.

CACERES DRYWALL CORP., CACERES INTERIOR PARTITIONS, INC., and JORGE E. CACERES,

    Defendants.
_____/

**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, CACERES DRYWALL CORP., CACERES INTERIOR PARTITIONS, INC., and JORGE E. CACERES, by and through their undersigned counsel, hereby file their Response to Plaintiff's Statement of Claim, [DE #8] dated November 14, 2017, as follows:

1. Plaintiff was paid $18 per-hour.

2. Plaintiff was paid for all hours worked.

3. Plaintiff has not met the conditions precedent to bring an action under the Florida Minimum Wage Act.

4. Plaintiff did not work all of the hours he is attempting to recover for in his statement of claim.

5. Many weeks Plaintiff worked under 40 hours.

6. At no time was Plaintiff paid less than the Florida Minimum Wage, for any hours worked.

1

7. Some, or all, of Plaintiff's damages are barred by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of, if any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

8. If any unpaid compensation is found to be owed, Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and Defendants had reasonable grounds for believing that they were in compliance with the FLSA.

9. Defendants have a right to notice of the claims against them, hence the statement of claim should plead entitlement to one relief, or the other relief, listed, and not in the alternative. With two potential claims Defendants are not put on notice as to what they are to defend against.

10. There is no time-and-one-half claim as Plaintiff did not work any hours for which he was not compensated.

11. Plaintiff did not work any amount of time for which he was not compensated, or compensated below the minimum wage, hence there is no unpaid wage, or minimum wage, claim that Plaintiff may assert.

12. Plaintiff has not met the requirements to bring a collective action under the FLSA.

13. Many weeks Plaintiff worked under 40 hours.

14. Plaintiff worked the hours listed on the chart below.

| | | | | | |
|---|---|---|---|---|---|
| | 1 | CARLOS | FLORES | FINISH/PUNCH OUT | 11/17/16 TO 11/23/16 | 24 |
| | 2 | CARLOS | FLORES | FINISH/PUNCH OUT | 02/01/17 TO 02/07/17 | 40 |
| | 3 | CARLOS | FLORES | FINISH/PUNCH OUT | 06/03/17 TO 06/09/17 | 54 |
| | 4 | CARLOS | FLORES | FINISH/PUNCH OUT | 06/10/17 TO 06/16/17 | 50 |
| | 5 | CARLOS | FLORES | FINISH/PUNCH OUT | 06/17/17 TO 06/23/17 | 40 |
| | 6 | CARLOS | FLORES | FINISH/PUNCH OUT | 06/24/17 TO 06/30/17 | 48 |
| | 7 | CARLOS | FLORES | FINISH/PUNCH OUT | 07/01/17 TO 07/07/17 | 32 |
| | 8 | CARLOS | FLORES | FINISH/PUNCH OUT | 07/08/17 TO 07/14/17 | 48 |
| | 9 | CARLOS | FLORES | FINISH/PUNCH OUT | 07/15/17 TO 07/21/17 | 52 |
| | 10 | CARLOS | FLORES | FINISH/PUNCH OUT | 07/22/17 TO 07/28/17 | 40 |
| | 11 | CARLOS | FLORES | FINISH/PUNCH OUT | 07/29/17 TO 08/04/17 | 48 |
| | 12 | CARLOS | FLORES | FINISH/PUNCH OUT | 08/05/17 TO 08/11/17 | 48 |
| | 13 | CARLOS | FLORES | FINISH/PUNCH OUT | 08/12/17 TO 08/18/17 | 48 |
| | 14 | CARLOS | FLORES | FINISH/PUNCH OUT | 08/19/17 TO 08/25/17 | 48 |
| | 15 | CARLOS | FLORES | FINISH/PUNCH OUT | 08/26/17 TO 09/01/17 | 48 |
| | 16 | CARLOS | FLORES | FINISH/PUNCH OUT | 09/02/17 TO 09/08/17 | 32 |
| | 17 | CARLOS | FLORES | FINISH/PUNCH OUT | 09/09/17 TO 09/15/17 | 26 |
| | 18 | CARLOS | FLORES | FINISH/PUNCH OUT | 09/16/17 TO 09/22/17 | 40 |
| | 19 | CARLOS | FLORES | FINISH/PUNCH OUT | 09/23/17 TO 09/29/17 | 40 |
| | 20 | CARLOS | FLORES | FINISH/PUNCH OUT | 09/30/17 TO 10/06/17 | 48 |
| | 21 | CARLOS | FLORES | FINISH/PUNCH OUT | 10/07/17 TO 10/13/17 | 48 |
| | 22 | CARLOS | FLORES | FINISH/PUNCH OUT | 10/14/17 TO 10/20/17 | 48 |
| | 23 | CARLOS | FLORES | FINISH/PUNCH OUT | 10/21/17 TO 10/27/17 | 50 |
| | 24 | CARLOS | FLORES | FINISH/PUNCH OUT | 10/28/17 TO 11/03/17 | 55 |
| 15. | | | | | **TOTAL HRS. RUBEN'S** | **1055** |

Respectfully Submitted, this 13th day of February 2018

                LUBELL & ROSEN, LLC
                *Attorneys for Defendants*
                200 S. Andrews Ave,
                Suite 900 Ft.
                Lauderdale, Florida
                33301 Phone: (954)
                880-9500
                Fax: (954) 755-2993

E-mail:  jhs@lubellrosen.com

By:    /s *Joshua H. Sheskin*
Joshua H. Sheskin, Esquire
Florida Bar No: 93028

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 13, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s Joshua H. Sheskin
Joshua H. Sheskin, Esquire
Florida Bar No: 93028

**SERVICE LIST**

*Juan Carlos Flores Blanco v. Caceres Drywall Corp., et al*
S.D. Fla. Case No.: 1:17-cv-24129-KMM

| | |
|---|---|
| Neil Tobak, Esquire | Adi Amit, Esquire |
| Rivkah Fay Jaff, Esq. | LUBELL & ROSEN, LLC |
| Jamie H. Zidell, Esq. | 200 S. Andrews Avenue |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | jhs@lubellrosen.com |
| Rivkah.Jaff@gmail.com | *Counsel for Defendants* |
| Ntobak.zidellpa@gmail.com | |
| ZABOGADO@AOL.COM | |
| *Counsel for Plaintiff* | |