UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24129-CIV-KMM

JUAN CARLOS FLORES BLANCO,  and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
                    Plaintiff, )
        vs. )
 )
CACERES DRYWALL CORP, )
CACERES INTERIOR PARTITIONS, INC., )
JORGE E CACERES, )
 )
                    Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST
DEFENDANTS, JOINTLY AND SEVERALLY, BY THE COURT AND ENTITLEMENT
TO ATTORNEYS' FEES AND COSTS, INCLUDING TO FUTURE FEES AND COSTS
IN COLLECTION OF FINAL DEFAULT**

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby requests

that the Court enter a Final Default Judgment against Defendants, CACERES DRYWALL

CORP, CACERES INTERIOR PARTITIONS, INC., and JORGE E CACERES, jointly and

severally, by the Court and entitlement to attorneys' fees and costs, including future fees and

costs in collection of final default judgment, and in support thereof states as follows:

1.  On November 9, 2017, Plaintiff filed his initial Complaint [DE1] against Defendants,

CACERES DRYWALL CORP, and JORGE E CACERES, jointly and severally, sounding under

the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for overtime and minimum wage

violations.

2.  Thereafter, on November 11, 2017, Plaintiff filed his First Amended Complaint [DE9]

against Defendants, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., and JORGE E CACERES, jointly and severally, sounding under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for overtime and minimum wage violations.

3.   Per [DE9, FN 1], the First Amended Complaint [DE9] was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants had not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period had not commenced.

4.   On December 19, 2017, Defendants moved the Court for an extension of time to file their responsive pleading. [DE13].

5.   The Court entered a paperless Order [DE15] grating Defendants' Motion *nunc pro tunc*. Per the Court's Order [DE15], Defendants "shall file a Response on or before January 12, 2018."

6.   As of the date of filing the instant Motion, Defendants have failed to timely, or otherwise, file a Responsive pleading to the First Amended Complaint [DE9]. Additionally, Defendants have not filed a motion for extension of time.

7.   Therefore, pursuant to Federal Rule of Civil Procedure 55(b)(2) a final default judgment ought to be entered against Defendants for failure to timely file a Responsive pleading to the First Amended Complaint [DE9].

8.   This Court has the power to enter a final default against Defendants for failure to timely Answer a Complaint pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

9.   It is well-settled that the entry of a final judgment by default is available to facilitate the

exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co*., 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a final default judgment. *Bonanza Intern., Inc., v. Corceller* 480 F.2d 613, 614 (5ᵗʰ Cir. 1973).

10. Further, in an Eleventh Circuit decision, the Court reversed the district court for allowing Defendants to amend their pleadings to assert an affirmative defense at trial. *Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. Fla. Dec. 13, 2010). *See also, Donahay v. Palm Beach Tours & Transportation*, 243 F.R.D. 697 (S.D. Fla. 2007) (defendants sought to amend answer and affirmative defenses seeking a declaration that would trigger the Motor Carrier Act, and this Court found that simply failing to timely plead is not good cause).

11. Plaintiff respectfully requests that the Court enter a Final Default Judgment against all Defendants, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., and JORGE E CACERES, jointly and severally, as no Responsive pleading has been filed as to the First Amended Complaint [DE9]. Plaintiff also respectfully requests that the Court enter an Order entitling Plaintiff's attorneys' fees and costs, including future fees and costs in collection of the final default judgment. Plaintiff respectfully requests twenty (20) days from the Court's Order to file a Motion quantifying all fees, costs, and damages.

## **MEMORANDUM OF LAW**

### **Entitlement to future fees in re: collection of default judgment:**

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that  attorney's fees for post-judgment work

may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiff's attorneys will have to exert more time and effort in collection of the final default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees pursuant to this Court's decision in *DiFrancesco* entitling Plaintiff's attorneys' to fees in collection of the final default judgment.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ENTER A FINAL DEFAULT JUDGMENT AGAINST ALL DEFENDANTS, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., AND JORGE E CACERES, JOINTLY

AND SEVERALLY, AS NO RESPONSIVE PLEADING HAS BEEN FILED IN COMPLIANCE WITH THE COURT'S PAPERLESS ORDER [DE15] AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT [DE9]. PLAINTIFF ALSO RESPECTFULLY REQUESTS THAT THE COURT ENTER AN ORDER ENTITLING PLAINTIFF'S ATTORNEY'S TO FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT, TO BE DETERMINED BY THIS COURT UPON COLLECTION. PLAINTIFF RESPECTFULLY REQUESTS TWENTY (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION QUANTIFYING ALL FEES, COSTS, AND DAMAGES.

## CERTIFICATE OF CONFERRAL

Plaintiff is moving for dispositive relief and, as such, did not confer with Defendants as conferral is not required under Rule 7.1(a)(3).

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/21/18 TO THE FOLLOWING:**

**ADI AMIT, ESQ.**
**LUBELL & ROSEN, LLC**
**200 S. ANDREWS AVENUE,SUITE 900**
**FORT LAUDERDALE, FL 33301**

PH: 954-880-9500
FAX: 954-755-2993
EMAIL: ADI@LUBELLROSEN.COM

BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24129-CIV-KMM

JUAN CARLOS FLORES BLANCO,  and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
                    Plaintiff, )
          vs. )
)
CACERES DRYWALL CORP, )
CACERES INTERIOR PARTITIONS, INC., )
JORGE E CACERES, )
)
                    Defendants. )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, BY THE COURT AND ENTITLEMENT TO ATTORNEYS' FEES AND COSTS, INCLUDING TO FUTURE FEES AND COSTS IN COLLECTION OF FINAL DEFAULT**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1.  FINAL DEFAULT JUDGMENT IS HEREBY ENTERED AGAINST THE DEFENDANTS, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., AND JORGE E CACERES, JOINTLY AND SEVERALLY.

2.  PLAINTIFF'S COUNSEL SHALL BE ENTITLED TO COLLECT REASONABLE ATTORNEYS' FEES AND COSTS, INCLUDING FUTURE ATTORNEYS' FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT TO BE DETERMINED BY THIS COURT UPON COLLECTION.

3.   PLAINTIFF MAY FILE A MOTION QUANTIFYING ALL FEES, COSTS, AND

DAMAGES, ON OR BEFORE TWENTY (20) DAYS FROM THE DATE OF THIS

ORDER.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS

_____ DAY OF _____, 2018.


_____
MICHAEL K. MOORE
UNITED STATED DISTRICT JUDGE

Copies to: Counsel of Record