**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:17-cv-24129-KMM

JUAN CARLOS FLORES BLANCO, and all
others similarly situated under 29
U.S.C. 216 (b),

       Plaintiff,

v.

CACERES   DRYWALL   CORP.,
CACERES               INTERIOR
PARTITIONS, INC., and JORGE E.
CACERES,

       Defendants.

_____/

**DEFENDANTS' NUNC PRO TUNC MOTION FOR EXTENSION OF TIME TO FILE A**
**RESPONSE TO THE AMENDED COMPLAINT**

Defendants CACERES DRYWALL CORP., CACERES INTERIOR PARITIONS, INC.,

and JORGE E. CACERES, by and through undersigned counsel, hereby move nunc pro tunc for

the Court to extend the deadline to respond to The First Amended Complaint [DE 9], to allow the

Defendants to file The Response attached hereto as "Exhibit A," and in support of which state as

follows;

1.  On November 9, 2017, the Plaintiff filed his first complaint [DE 1] alleging violations of

the Fair Labor Standards Act (hereinafter, "FLSA") 29 U.S.C. §§ 201-216.

2.  On November 11, 2017, the Plaintiff filed his First Amended Complaint [DE 9].

3.  On December 19, 2017 the Defendants filed a motion for an extension of time to file a

responsive pleading, due to being recently retained, and because lead counsel was leaving town on

a pre-planned out of state vacation. [DE 13].

4.   The Court granted the Defendant's motion and gave Defendants until January 12, 2018 to respond to the First Amended Complaint. [DE 15].

5.   Unfortunately, due to an inadvertent calendaring error, Defendants failed to file an Answer. Defendants apologize for this inadvertent error. The orders of this Court must be followed and Defendants are truly sorry to the Court for not following the order to already have filed an answer. There is no good reason not to follow a court order, Defendants would not have defied this Court on purpose, and are truly sorry to have done so by mistake. The fact that this was an inadvertent calendaring error, not noticed by Defendants until a motion for final default judgement was filed by Plaintiff [DE 22] on February 21, 2018, is proven by the Defendants' otherwise diligent defense against the instant action.

6.   On December 21, 2018, the Defendants filed Defendants' Certificate of Interested Persons and Corporate Disclosure Statement [DE 17].

7.   On January 3, 2018, Defendants filed Defendants' Response to Plaintiff's Statement of Claim [DE 18].

8.   On February 8, 2018, Defendants served upon Plaintiff their first set of Interrogatories to Plaintiff, Requests for Admissions to Plaintiff, and Document Production Requests to Plaintiff.

9.   On February 13, 2018, Defendants filed Defendants' Amended Response to Plaintiff's Statement of Claim, to comply with the Court's Order directing the filing of one. [DE 21].

10. Defendants inadvertently failed to answer The Amended Complaint, and on February 21, 2018, Plaintiff filed Plaintiff's Motion For Final Default Judgment Against Defendants, Jointly and Severally, By the Court and Entitlement to Attorneys' Fees and Costs, Including to Future Fees and Costs in Collection of Final Default [DE 22]. Defendants had not realized they failed to answer the First Amended Complaint, and are immediately acting, the same day, by filing this

motion for nunc pro tunc relief, and attaching the proposed Answer to the Complaint as Exhibit A, which Defendants will file on the record, in the event that the Court grants said relief. The Defendants have acted immediately to correct the mistake in calendaring.

11. No undue delay or prejudice will be caused by the granting of this motion, as the parties are already conducting discovery. On February 8, 2018, the Plaintiff served its discovery requests on the Defendants, clearly unhampered by the lack of an answer being filed. A settlement conference is already scheduled in this case. The Defendants' denial of the allegations of The Amended Complaint were established in two responses to the Plaintiff's Statement of Claim. No depositions have been taken, which would now need to be retaken, and there is still ample time left in discovery for the filing of an answer to have no prejudicial result.

12. The American System of Justice is based on a central tenant, that matters should be decided on the merits.

> "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. " The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson*, 355 U.S. 41, 48. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1."

*Foman v. Davis*, 371 U.S. 178, 181-182 (U.S. Dec. 3, 1962).

In this case a motion for default has been filed, for lack of filing an answer, and if it is granted, rather than having an answer filed, then the determination of this case will be based on a calendaring error. The error has proved harmless, as Plaintiff has not raised this issue prior to their motion, despite actively engaging in discovery, serving discovery requests, and including serving disclosures on the same day that Plaintiff filed for default.

13.  This motion is not made for the purpose of undue delay, or any improper purpose. This motion is made because of an inadvertent calendaring error, that regrettably led to the accidental failure to file a response to the Complaint, when the case has been otherwise diligently defended. Again Defendants apologize to the Court and the Plaintiff for their error.

WHEREFORE, Defendants, respectfully request the entry of an Order extending the time within which it may file its response to Plaintiff's Amended Complaint so that Defendants may file the Answer attached as "Exhibit A", and granting such other relief as is just and proper.

## RULE 7.1 COMPLAINCE

The Undersigned hereby certifies that, Lead Counsel Adi Amit, Esq., attempted to confer with Plaintiff's Counsel Rivkah Jaff of 2/21/18 as to whether Plaintiff opposed the relief sought in this motion. Mr. Amit called and left an unreturned message for Ms. Jaff, and sent an email to Ms. Jaff that was copied to multiple members of J.H. Zidell P.A. Plaintiff's Counsel. Ms. Jaff sent emails about this case that were non-responsive to the attempts to confer, while failing to return Mr. Amit's call. Seeing this, Undersigned Counsel on 2/21/18, responded almost immediately to one of Ms. Jaff's emails about this case that was non-responsive to conferral, explaining that this motion was to be filed tonight, and politely asking for the Plaintiff's position, again with multiple members of Ms. Jaff's firm copied on the email. No response has been received as of the filing of this motion, despite multiple attempts to confer. In order to truly not cause any delay this motion is filed without knowing the Plaintiff's position.

Respectfully Submitted, this 21st day of February 2018

LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave,
Suite 900 Ft.
Lauderdale, Florida

4

33301 Phone: (954)
880-9500
Fax: (954) 755-2993
E-mail:    jhs@lubellrosen.com


By:_    /s *Joshua H. Sheskin*
 Joshua H. Sheskin, Esquire
 Florida Bar No: 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


   /s Joshua H. Sheskin
 Joshua H. Sheskin, Esquire
 Florida Bar No: 93028

## SERVICE LIST

*Juan Carlos Flores Blanco v. Caceres Drywall Corp., et al*
S.D. Fla. Case No.: 1:17-cv-24129-KMM

Neil Tobak, Esquire
Rivkah Fay Jaff, Esq.
Jamie H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
Rivkah.Jaff@gmail.com
Ntobak.zidellpa@gmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
jhs@lubellrosen.com
*Counsel for Defendants*

5