**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:17-cv-24129-KMM

JUAN CARLOS FLORES BLANCO, and all others similarly situated under 29 U.S.C. 216 (b),

    Plaintiff,

v.

CACERES DRYWALL CORP., CACERES INTERIOR PARTITIONS, INC., and JORGE E. CACERES,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, CACERES DRYWALL CORP., CACERES INTERIOR PARTITIONS, INC., and JORGE E. CACERES, by and through their undersigned counsel, hereby file their Answer and Affirmative defenses to Plaintiff's First Amended Complaint [DE 9], as follows:

1. Admitted that Plaintiff is bringing this lawsuit for alleged failure to pay wages pursuant to the FLSA. Denied that unpaid wages are owed to Plaintiff by the Defendants.

2. Defendants are without independent knowledge to affirm or deny where the Plaintiff resides, but Defendants have no reason to believe that Plaintiff would misrepresent where he resides.

3. Admitted that Defendant regularly transacts business within Miami-Dade County. All other allegations of this paragraph are denied.

4. Admitted that Defendant regularly transacts business within Miami-Dade County. All other allegations of this paragraph are denied.

5. Admitted that Jorge E Caceres is a corporate officer and/or owner of both Entity Defendants. All other allegations of this paragraph are denied.

6. Denied, no acts or omissions took place to give rise to this Complaint.

7. Admitted that Plaintiff is bringing this lawsuit for alleged failure to pay wages pursuant to the FLSA. Denied that unpaid wages are owed to Plaintiff by the Defendants. Denied that any similarly situated potential plaintiffs exist.

8. Admitted that this Court has jurisdiction over cases brought under the FLSA, denied that Plaintiff has a cause of action under the FLSA.

9. This is a statement of law to which no response is required.

10. Admitted that these are approximate dates Plaintiff was employed by at least one defendant.

11. Admitted that the Plaintiff used interstate materials in the performance of his employment duties. All other allegations of this paragraph are denied.

12. Admitted that the Defendants employed two or more persons who handled interstate materials. All other allegations of this paragraph are denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Admitted as to common ownership. All other allegations of this paragraph are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiff's claims are barred as to any week in which he did not work more than forty (40) hours.

### Third Affirmative Defense

Plaintiff is not entitled to damages for hours not actually worked during any workweek.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent any uncompensated work done by Plaintiff is *de minimus*. *See, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Sixth Affirmative Defense

Plaintiff was not eligible for FLSA overtime because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) as alleged in the Complaint. Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate

commerce for the benefit of the corporate Defendant. *See, Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *5-8 (S.D. Fla. Jan. 22, 2016) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned South Florida restaurant); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.*, No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.*, No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Seventh Affirmative Defense

Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime and minimum wages, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1).

### Eighth Affirmative Defense

To the extent the entity Defendants are found not to be liable, Jorge E. Caceras, is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendants. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### **RESERVATION OF AFFIRMATIVE DEFENSES**

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, The Responding Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded their reasonable costs, and/or reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## JURY DEMAND

Defendant hereby requests trial by jury on all issues so triable.

Respectfully Submitted, this 21st day of February 2018

LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave,
Suite 900 Ft.
Lauderdale, Florida
33301 Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:    jhs@lubellrosen.com

By:_    /s *Joshua H. Sheskin*
 Joshua H. Sheskin, Esquire
 Florida Bar No: 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s Joshua H. Sheskin
 Joshua H. Sheskin, Esquire
 Florida Bar No: 93028

## SERVICE LIST

*Juan Carlos Flores Blanco v. Caceres Drywall Corp., et al*
S.D. Fla. Case No.: 1:17-cv-24129-KMM

| | |
|---|---|
| Neil Tobak, Esquire<br>Rivkah Fay Jaff, Esq.<br>Jamie H. Zidell, Esq.<br>J.H. ZIDELL, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, Florida 33141<br>Rivkah.Jaff@gmail.com<br>Ntobak.zidellpa@gmail.com<br>ZABOGADO@AOL.COM<br>*Counsel for Plaintiff* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Avenue<br>Suite 900<br>Fort Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>jhs@lubellrosen.com<br>*Counsel for Defendants* |