**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:17-cv-24129-KMM

JUAN CARLOS FLORES BLANCO, and all
others similarly situated under 29
U.S.C. 216 (b),

     Plaintiff,

v.

CACERES   DRYWALL   CORP.,
CACERES               INTERIOR
PARTITIONS, INC., and JORGE E.
CACERES,

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
FINAL DEFFAULT JUDGMENT AGAINST DEFENDANTS, JOINTLY AND
SEVERALLY, BY THE COURT AND ENTITELEMENT TO ATTORNEY'S FEES AND
COSTS, INCLUDING TO FUTURE FEES AND COSTS IN COLLECTION OF FINAL
DEFAULT**

     Defendants CACERES DRYWALL CORP., CACERES INTERIOR PARITIONS, INC.,

and JORGE E. CACERES, by and through undersigned counsel, hereby respond in opposition to

Plaintiff's motion for Final Default Judgment Against Defendants, Jointly and Severally, By the

Court and Entitlement to Attorney's Fees and Costs, Including Future Fees and Costs in Collection

of Final Default [DE 22] (hereinafter, "Plaintiff's Motion"), and in opposition to Plaintiff's Motion

state as follows:

**SUMMARY OF ARGUMENT**

     The Defendants apologize for an inadvertent calendaring error that regrettably resulted in

the failure to file an Answer to the Amended Complaint. However, this is not grounds for

default, as it has caused no prejudice to Plaintiff, has not delayed the proceedings, and was far

from intentional. A central tenant of the American Judicial System is that cases be determined on the merits. A regrettable, embarrassing, yet inadvertent calendaring error is not a sufficient reason to ignore the great preference shown by the Supreme Court, and the Eleventh Circuit, for determination of cases on the merits, or for a finding contrary to the Eleventh Circuit's strong disfavor of defaults in general. *See, infra.*

While Plaintiff mentions, but does not develop an argument for, default as a sanction for failure to follow a court order, the Order of this Court to answer The Amended Complaint, default is an extreme remedy of last resort, appropriate when there is a willful pattern of defiance clearly evidencing bad faith. *See, infra.* A willful pattern of defiance evidencing bad faith, is clearly not present because Defendants have actively participated in the action and are already engaging in discovery with Plaintiff. Hence, Plaintiff's Motion should be denied.

## RELEVANT FACTS/PROCEDURAL BACKGROUND

1.  On November 9, 2017, the Plaintiff filed his first complaint [DE 1] alleging violations of the Fair Labor Standards Act (hereinafter, "FLSA") 29 U.S.C. §§ 201-216.

2.  On November 11, 2017, the Plaintiff filed his First Amended Complaint [DE 9].

3.  On December 19, 2017, the Defendants filed a motion for an extension of time to file a responsive pleading, due to being recently retained, and because lead counsel was leaving town on a pre-planned out of state vacation. [DE 13].

4.  The Court granted the Defendant's motion and gave Defendants until January 12, 2018, to respond to the First Amended Complaint. [DE 15].

5.  Unfortunately, due to an inadvertent calendaring error, Defendants failed to file an Answer. Defendants apologize for this inadvertent error. The orders of this Court must be followed, and Defendants are truly sorry for not following the order to already have filed an answer. There is no

good reason not to follow a court order, Defendants would not defy this Court on purpose. The fact that this was an inadvertent calendaring error, not noticed by Defendants until a motion for final default judgement was filed by Plaintiff [DE 22] on February 21, 2018, is proven by the Defendants' otherwise diligent defense against the instant action.

6.   On December 21, 2018, the Defendants filed Defendants' Certificate of Interested Persons and Corporate Disclosure Statement [DE 17].

7.   On January 3, 2018, Defendants filed Defendants' Response to Plaintiff's Statement of Claim [DE 18].

8.   On February 8, 2018, Defendants served upon Plaintiff their first set of Interrogatories to Plaintiff, Requests for Admissions to Plaintiff, and Document Production Requests to Plaintiff.

9.   Plaintiff, in no way prejudiced by the failure to file an answer, and without mentioning same to Defendants, served Plaintiff's Discovery requests on Defendants on February 8, 2018.

10.   On February 13, 2018, Defendants filed Defendants' Amended Response to Plaintiff's Statement of Claim, to comply with the Court's Order directing the filing of same. [DE 21].

11.   On February 21, 2018, without first moving for entry of a Clerk's Default, Plaintiff filed Plaintiff's Motion for Final Default Judgment Against Defendants, Jointly and Severally, By the Court and Entitlement to Attorneys' Fees and Costs, Including to Future Fees and Costs in Collection of Final Default [DE 22]. Defendants had not realized they failed to answer the First Amended Complaint, and on the same day Plaintiff's Motion was filed, Defendants filed for nunc pro tunc relief, with an attached proposed answer, to be filed if the Court allow the filing of an answer. The Defendants have acted immediately to correct the mistake in calendaring. This motion is filed less than twelve hours after Plaintiff's Motion, so there can be absolutely no prejudice

alleged to be suffered by Plaintiff due to any lack of diligence on the part of Defendants to correct their inadvertent error.

12. No undue delay or prejudice has resulted from the Defendants not answering the Complaint, although Defendants, again, apologize to the Court and the Plaintiff for their error. The parties are already conducting discovery. On February 8, 2018, the Plaintiff served its discovery requests on the Defendants, clearly unhampered by the lack of an answer being filed. A settlement conference is scheduled in this case. The Defendants' denial of the allegations of The Amended Complaint were established in two responses to the Plaintiff's Statement of Claim. No depositions have been taken, and there is ample time left in discovery for the investigation of any matter brought forth by the filing of an answer at this regrettably late juncture.

## MEMORANDUM OF LAW

The Defendants are unsure of how to address a motion for final default judgment, when no default has been entered. Had a clerk's default been entered, Federal Rule of Civil Procedure 55(c) would be appropriate grounds for the Defendants to move to set aside said default. However, Plaintiff skipped the step of moving for default, and moved for final default judgment.

Defendants will address Plaintiff's Motion by positing that the error made in not responding to the Complaint was regrettable, however, the law favors the resolution of actions on the merits, and the denial of Plaintiff's Motion will not prejudice the Plaintiff. Defendant did not intentionally violate a court order, making dismissal inappropriate as it is an extreme, and last resort, sanction, and is there really any developed argument in Plaintiff's Motion that such is appropriate. *See, infra.* Defendants made an error for which they apologize to the Court, and Plaintiff, for, but this error was not intentional, as evidenced by the multiple other filings

4

in this case, and the parties already having commenced discovery. It is impossible to believe that Defense Counsel who individualy, and combined, have been counsel on hundreds of cases in the Southern District of Florida, believed that failing to file an answer was a type of litigation strategy.

It is obvious that Plaintiff did not notice the error before deciding to file Plaintiff's Motion, because it has not affected the prosecution of their case in any way. Discovery was served on Defendants almost two weeks before Plaintiff's Motion was filed, if Defendants answer mattered to Plaintiff's strategy, then Plaintiff would have insisted on an answer, or filed Plaintiff's Motion, prior to the serving of discovery. The Plaintiff's Attorneys and Defendants Attorneys are adversaries on multiple cases, as they often are, and despite constant contact between attorneys, Plaintiff did not bring this issue to the attention of Defendants until they did so by filing Plaintiff's Motion. Given the unfortunately often-contentious nature of the relations between the counsel to the parties, it is unlikely that Plaintiff's Counsel did not immediately pounce on the opportunity to file its motion when it figured out there was no answer filed. It is unlikely that Plaintiff has been saving this motion while engaging in discovery. While Defense Counsel would have extended a curtesy call if the shoe were on the other foot, the decision not to do so by Plaintiff's Counsel, is a clear indication that Plaintiff's Motion is partially fueled by contemptuous feelings toward Defense Counsel, which were not likely strategically preserved to file a motion over a month after Defense Counsel erred.

However, the fact that Plaintiff's Counsel also did not realize the Complaint was not answered is not a justification for an answer not being filed. Defendants, again, apologize to the Court, and Plaintiff, for not having filed an Answer. The obviousness that Plaintiff did not realize the error, is argued to prove that the error did not affect Plaintiff or the litigation.

Essentially because Fed.R.Civ.Pro. 55(c) is not the standard at issue, since no default has been entered to set aside, the Plaintiff's Motion should be denied because the American System of Justice is based on a central tenant, that matters should be decided on the merits.

> "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. " The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson*, 355 U.S. 41, 48. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1."

*Foman v. Davis*, 371 U.S. 178, 181-182 (U.S. Dec. 3, 1962).

If Plaintiff's Motion is granted, rather than having an answer filed, the determination of this case will be based on Defense Counsel's inadvertent calendaring error. An error which has proven harmless, except that the Court must now address it. Discovery has started, discovery requests have already been served by both parties, and Plaintiff knew Defendants denied the allegations of the Complaint from two separate responses to Plaintiff's Statement of Claim. Plaintiff served disclosures after the filing of Plaintiff's Motion, which was either a bad faith attempt to bill more hours on a defaulted case, or they were served because a default is unjustified, and Plaintiff expects the litigation to continue.

Plaintiff's failure to file for a Clerk's Entry of Default before filing Plaintiff's Motion, which Plaintiff's Counsel is far to experienced to think was not necessary, is an indication that Plaintiff rests the argument for default solely on an inadvertent error of Defense Counsel. This is not a reasonable ground for the entry of default. Error by Defense Counsel is such an unreasonable ground for entry of a default, partially because defaults are so heavily disfavored by the Eleventh Circuit.

> "The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits. *See Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993). Therefore, to obtain relief under Rule 55(c), the movant only must make a bare minimum showing to support its claim for relief. *Fortner,* 2012 U.S. Dist. LEXIS 117868, 2012 WL 3613879, at *7 (citing *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir. 1988))."

*Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ, 2013 U.S. Dist. LEXIS 52978, at *4 (S.D. Fla. Apr. 12, 2013); *See also, St. Michael Press Publ'g Co. v. One Unknown Wreck*, No. 12-81209-CIV-MARRA, 2013 U.S. Dist. LEXIS 138439, at *4 (S.D. Fla. Sep. 25, 2013); *Cabot E. Broward 2 LLC v. Cabot*, No. 16-61218-CIV-DIMITROULEAS, 2016 U.S. Dist. LEXIS 114085 (S.D. Fla. Aug. 23, 2016); *Centcorp Invs., Ltd. v. Folgueira*, No. 13-23019-CIV-MOORE-MCALILEY, 2014 U.S. Dist. LEXIS 195395 (S.D. Fla. Sep. 4, 2014); *Flexiteek Ams., Inc. v. Nuteak Decking, Inc.*, No. 08-60995-CIV-DIMITROULEAS, 2009 U.S. Dist. LEXIS 135494 (S.D. Fla. Mar. 25, 2009); & *Pirgmann v. Wood*, Civil Action No. 13-61856-Civ-Scola, 2014 U.S. Dist. LEXIS 196458 (S.D. Fla. Aug. 8, 2014).

Because the Eleventh Circuit, and the Supreme Court, so heavily favor the resolution of cases on their merits, and disfavor defaults, Defense Counsel's calendaring error, which caused no prejudice to Plaintiff, simply does not justify dispositive relief. Defendants moved to correct their error immediately upon discovery of the error, no prejudice was caused by the error, there is a meritorious defense to the claim, and no delay will be caused by the error because the case has proceeded for over five weeks without being affected in any way by the error and is still on schedule.

If Plaintiff could point to actual prejudice from the denial of a default, it would have moved for entry of a Clerk's Entry of Default first, as the procedure requires, because Defendants filing a

response nunc pro tunc, before default was entered, would not be a justifiable remedy for the error committed by Defendants.

Defense Counsel made a regrettable calendaring error, it did not purposefully defy a court order, as it actively participated in the litigation otherwise. It really embarrasses Counsel that we made this error, which was likely part of the reason Plaintiff filed Plaintiff's Motion without a curtesy call. Plaintiff mentions, but Plaintiff does not develop a cognizable argument, that the Court ordered a response, and failure to file one constitutes a failure to follow court order, which is a reason a court can enter a default. However, the entry of a default for failure to follow a court order, in general, is a remedy of last resort, which should be reserved for only the most extreme circumstances where the disobedience involves a deliberate pattern of defiance evidencing willfulness and bad faith, which is not the situation in the instant action. *See, United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003); *United States v. Francois*, No. 14-23130-CIV, 2015 U.S. Dist. LEXIS 172977, 116 A.F.T.R.2d (RIA) 6964 (S.D. Fla. Oct. 16, 2015);  & *Mishkin v. Jeannine Gurian Tr. No. One*, No. 06-80489-CIV-RYSKAMP/VITUNAC, 2008 U.S. Dist. LEXIS 20038 (S.D. Fla. Mar. 12, 2008).

## <u>CONCLUSION</u>

Granting the Plaintiff's Motion will go against the well-established principle of American Jurisprudence that controversies should be decided on their merits. It will violate this central principle of American Jurisprudence without cause, as other than the Court having to address the error now, for which Defendants apologize again for, there has been no harm caused by the error. Hence, Plaintiff's Motion should be denied.

Respectfully Submitted, this 22nd day of February 2018

LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave,
Suite 900 Ft.
Lauderdale, Florida
33301 Phone: (954)
880-9500
Fax: (954) 755-2993
E-mail:     jhs@lubellrosen.com


By:_    /s *Joshua H. Sheskin*____
 Joshua H. Sheskin, Esquire
 Florida Bar No: 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


____/s Joshua H. Sheskin____
 Joshua H. Sheskin, Esquire
 Florida Bar No: 93028

## SERVICE LIST

***Juan Carlos Flores Blanco v. Caceres Drywall Corp., et al***
S.D. Fla. Case No.: 1:17-cv-24129-KMM

Neil Tobak, Esquire
Rivkah Fay Jaff, Esq.
Jamie H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
Rivkah.Jaff@gmail.com
Ntobak.zidellpa@g
mail.com
ZABOGADO@AO
L.COM
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
jhs@lubellrosen.com
*Counsel for Defendants*