UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24129-CIV-KMM

| | |
|---|---|
| JUAN CARLOS FLORES BLANCO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., JORGE E CACERES, | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' REPLY TO [DE24]

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby Replies to Defendants' Response in Opposition [DE24] to Plaintiffs' Motion for Final Default [DE22] requesting that the Court enter a Final Default Judgment against Defendants, jointly and severally, by the Court and entitlement to attorneys' fees and costs, including future fees and costs in collection of final default judgment, and in support thereof states as follows:

1. In their Response in Opposition [DE24], Defendants contend that as a direct result of this matter having been litigated, Defendants' failure to file a responsive pleading to the operative Complaint [DE9] will not result in Plaintiff being prejudiced and/or cause delay whatsoever. Defendants have also moved this Court for leave to file an Answer *nunc pro tunc* [DE23], subsequent to Plaintiff's filing the instant Motion [DE22].

2. **Plaintiff respectfully requests the Court take Judicial Notice that Defendants were served on or about November 28, 2017 and Defendants' Responsive Pleading to the First Amended Complaint was due to be filed December 19, 2017. As a result of**

**Defendants moving for an extension of time, Defendants' Responsive Pleading came due on January 12, 2018. Thus, approximately three (3) months have passed since service was effectuated on Defendants without Plaintiff knowing Defendants' position in the case at bar.**

3. Moreover, a review of Defendants' proposed Answer and Affirmative Defenses [DE23-1] to Plaintiff's First Amended Complaint [DE9], reflects that Defendants still have failed to specifically set forth their position as they admit to the prongs of FLSA coverage/subject-matter jurisdiction while simultaneously contesting same in their Seventh Affirmative Defenses and, therefore, the proposed Answer remains ambiguous and vague. Plaintiff is entitled to know with specificity Defendants' defenses and responses to the Complaint.

4. Defendants should be prohibited from relying on such grossly vague pleadings as nothing about the pleading thus far puts Plaintiff on notice regarding the details concerning the affirmative defense.[1]

5. The Court has been negatively impacted by Defendant's failure to follow its deadlines.

> Both the default entry and judgment play an important role in the maintenance of an orderly, efficient judicial system. They are significant weapons for enforcing compliance with the rules of procedure and therefore facilitate the speedy determination of litigation. The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary. It also represents a means of encouraging an unwilling or uncooperative party to honor the rules established for litigation in the federal courts and provides the nondefaulting party an expeditious path to follow when his adversary does not do so or simply abandons the contest. But if default is to be an effective sanction, relief under Rule 55(c) cannot be granted too readily.

---

[1] Interestingly, Defendants have not attached any Affidavits and/or supporting testimony from the individual in charge of calendaring.

> Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2693 (citations omitted).

*Atlanta Gas Light Co. v. Semaphore Adver., Inc.*, 747 F. Supp. 715, 718 (S.D. Ga. 1990).

6. This Court has the power to enter a final default against Defendants for failure to timely Answer a Complaint pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It is well-settled that the entry of a final judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a final default judgment. *Bonanza Intern., Inc., v. Corceller* 480 F.2d 613, 614 (5th Cir. 1973).

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ENTER A FINAL DEFAULT JUDGMENT AGAINST ALL DEFENDANTS, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., AND JORGE E CACERES, JOINTLY AND SEVERALLY, AS NO RESPONSIVE PLEADING HAS BEEN FILED IN COMPLIANCE WITH THE COURT'S PAPERLESS ORDER [DE15] AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT [DE9]. PLAINTIFF ALSO RESPECTFULLY REQUESTS THAT THE COURT ENTER AN ORDER ENTITLING PLAINTIFF'S ATTORNEY'S TO FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT, TO BE DETERMINED BY THIS COURT UPON COLLECTION. PLAINTIFF RESPECTFULLY REQUESTS TWENTY (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION QUANTIFYING ALL FEES, COSTS, AND DAMAGES.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
   Rivkah F. Jaff, Esquire
   Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/22/18 TO THE FOLLOWING:**

**ADI AMIT, ESQ.
LUBELL & ROSEN, LLC
200 S. ANDREWS AVENUE,SUITE 900
FORT LAUDERDALE, FL 33301
PH: 954-880-9500
FAX: 954-755-2993
EMAIL: ADI@LUBELLROSEN.COM**

**BY:__/s/____Rivkah F. Jaff_____
    RIVKAH F. JAFF, ESQ.**