UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24129-CIV-KMM

JUAN CARLOS FLORES BLANCO, and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiff, )
  vs. )
 )
CACERES DRYWALL CORP, )
CACERES INTERIOR PARTITIONS, INC., )
JORGE E CACERES, )
 )
        Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' *NUNC PRO TUNC* MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO THE AMENDED COMPLAINT [DE23]**[1]

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby Responds in opposition to Defendants' Motion for Leave to File Answer and Affirmative Defenses to the Amended Complaint, filed as [DE23], and in support thereof states as follows:

1. On November 9, 2017, Plaintiff filed his initial Complaint [DE1] against Defendants, CACERES DRYWALL CORP, and JORGE E CACERES, jointly and severally, sounding under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for overtime and minimum wage violations.

2. Thereafter, on November 11, 2017, Plaintiff filed his First Amended Complaint [DE9]

---

[1] Plaintiff also refers the Court to Plaintiff's Motion for Final Default Judgment Against Defendants, Jointly and Severally, by the Court and Entitlement to Attorneys' Fees and Costs, Including Future Fees and Costs in Collection of Final Default [DE22] and Plaintiff's Reply [DE25].

**1** of **7**

against Defendants, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., and JORGE E CACERES, jointly and severally, sounding under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for overtime and minimum wage violations.

3. Per [DE9, FN 1], the First Amended Complaint [DE9] was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants had not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period had not commenced.

4. On December 19, 2017, Defendants moved the Court for an extension of time to file their responsive pleading. [DE13].

5. The Court entered a paperless Order [DE15] grating Defendants' Motion *nunc pro tunc*. Per the Court's Order [DE15], Defendants "shall file a Response on or before January 12, 2018."

6. **Defendants now move this Court for an extension of time *nunc pro tunc* to file an Answer to Plaintiff's Amended Complaint [DE9], approximately three (3) months since service was effectuated on Defendants.** Defendants appear to believe they do not have to conform to the Rules, blaming this "oversight" on an internal mis-calendaring.[2]

7. Defendants contend that as a direct result of this matter having been litigated Defendants' failure to file a responsive pleading to the operative Complaint [DE9] will not result in Plaintiff being prejudiced and/or cause delay whatsoever.

8. On the contrary, as a direct result of Defendants' failure to timely file an Answer and

---

[2] Interestingly, Defendants have not attached any Affidavits and/or supporting testimony from the individual in charge of calendaring.

Affirmative Defenses, Plaintiff has not been able to serve targeted written discovery and, until late last night, has not known the details concerning Defendants' affirmative defenses..

9. A review of Defendants' proposed Answer and Affirmative Defenses to Plaintiff's Amended Complaint [DE23-1], is rife with inconsistencies between the pleadings in the case at bar to date by Defendants. For example, Defendants' proposed Answer [DE23-1] reflects that Defendants still have failed to specifically set forth their position as they admit to the prongs of FLSA coverage/subject-matter jurisdiction while simultaneously contesting same in their Seventh Affirmative Defenses and, therefore, the proposed Answer remains ambiguous and vague. Plaintiff is entitled to know with specificity Defendants' defenses and responses to the Complaint. At this stage, Defendants' position in this matter remains ambiguous and shrouded in mystery. Plaintiff is entitled to know with specificity Defendants' defenses and responses to the Complaint, especially at this point in the litigation. Defendants have still not clarified their position as to who they believe was Plaintiff's employer for the relevant time period (i.e [DE23-1, Par.10] ("Admitted that these are the approximate dates Plaintiff was employed by at least one Defendant."). Defendants also have failed to provide all underlying documents relied on to create the chart in Defendants' Amended Response to Plaintiffs' Statement of Claim [DE21], which clearly reflects that Plaintiff worked overtime in almost all the weeks reflected on said chart.[3]

10. Defendants should be prohibited from relying on such grossly vague pleadings as nothing about the pleading thus far puts Plaintiff on notice regarding the details concerning their affirmative defenses.

---

[3] On February 13, 2018, the undersigned sent an email to all Defense counsel of record including their paralegal and assistant (four people total from the defense team), requesting that the underlying documents be provided and reminding the defense that they are part of Defendants' Rule 26 Disclosures and need to be turned over in compliance with the Court's Order. Perhaps this too is another "oversight" and/or mis-calendaring on the part of Defendants.

11. Furthermore, the Court has been negatively impacted by Defendant's failure to follow its deadlines.

> Both the default entry and judgment play an important role in the maintenance of an orderly, efficient judicial system. They are significant weapons for enforcing compliance with the rules of procedure and therefore facilitate the speedy determination of litigation. The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary. It also represents a means of encouraging an unwilling or uncooperative party to honor the rules established for litigation in the federal courts and provides the nondefaulting party an expeditious path to follow when his adversary does not do so or simply abandons the contest. But if default is to be an effective sanction, relief under Rule 55(c) cannot be granted too readily. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2693 (citations omitted).

*Atlanta Gas Light Co. v. Semaphore Adver., Inc.*, 747 F. Supp. 715, 718 (S.D. Ga. 1990).

12. Plaintiff has moved this Court for a final default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), to be entered against Defendants for failure to timely file an answer to the amended complaint. [DE22]; *See also* [DE25].

13. Therefore, Plaintiff respectfully requests the Court deny Defendants' Motion [DE23] in its entirety and for an award of fees in relation to the instant Response and all related work. Plaintiff respectfully requests that the Court enter a Final Default Judgment against all Defendants, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., and JORGE E CACERES, jointly and severally, as no Responsive pleading has been filed as to the First Amended Complaint [DE9]. Plaintiff also respectfully requests that the Court enter an Order entitling Plaintiff's attorneys' fees and costs, including future fees and costs in collection of the final default judgment. Plaintiff respectfully requests twenty (20) days from the Court's Order to file a Motion quantifying all fees, costs, and damages.

## **MEMORANDUM OF LAW**

This Court has the power to enter a final default against Defendants for failure to timely Answer a Complaint pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It is well-settled that the entry of a final judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a final default judgment. *Bonanza Intern., Inc., v. Corceller* 480 F.2d 613, 614 (5th Cir. 1973). Further, in an Eleventh Circuit decision, the Court reversed the district court for allowing Defendants to amend their pleadings to assert an affirmative defense at trial. *Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. Fla. Dec. 13, 2010). *See also, Donahay v. Palm Beach Tours & Transportation*, 243 F.R.D. 697 (S.D. Fla. 2007) (defendants sought to amend answer and affirmative defenses seeking a declaration that would trigger the Motor Carrier Act, and this Court found that simply failing to timely plead is not good cause).

In the case at bar, Defendants have failed to timely file an Answer and raise any affirmative defenses they may have and have, thus, waived any specific exemption defenses as they were never pled as affirmative defenses. Plaintiff respectfully requests that the Court enter a Final Default Judgment against all Defendants, jointly and severally, as no Answer has been filed in response to Plaintiff's First Amended Complaint [DE9]. Plaintiff also respectfully requests that the Court enter an Order entitling Plaintiff's attorneys' fees and costs, including future fees and costs in collection of the final default judgment. *See also DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009) (this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases).

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT DENY DEFENDANTS' MOTION [DE23] IN ITS ENTIRETY AND FOR AN AWARD OF FEES IN RELATION TO THE INSTANT RESPONSE AND ALL RELATED WORK. PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ENTER A FINAL DEFAULT JUDGMENT AGAINST ALL DEFENDANTS, CACERES DRYWALL CORP, CACERES INTERIOR PARTITIONS, INC., AND JORGE E CACERES, JOINTLY AND SEVERALLY, AS NO RESPONSIVE PLEADING HAS BEEN FILED AS TO THE FIRST AMENDED COMPLAINT [DE9]. PLAINTIFF ALSO RESPECTFULLY REQUESTS THAT THE COURT ENTER AN ORDER ENTITLING PLAINTIFF'S ATTORNEYS' FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT. PLAINTIFF RESPECTFULLY REQUESTS TWENTY (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION QUANTIFYING ALL FEES, COSTS, AND DAMAGES.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Rivkah F. Jaff, Esq. ____
       Rivkah F. Jaff, Esquire
       Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/22/18 TO THE FOLLOWING:

**ADI AMIT, ESQ.**
**LUBELL & ROSEN, LLC**

**200 S. ANDREWS AVENUE,SUITE 900**
**FORT LAUDERDALE, FL 33301**
**PH: 954-880-9500**
**FAX: 954-755-2993**
**EMAIL: ADI@LUBELLROSEN.COM**

**BY:\_\_/s/\_\_\_\_Rivkah F. Jaff_____**
        **RIVKAH F. JAFF, ESQ.**